[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was presented to the Court on October 28, 1994 on the record. Based on the transcript and the certified record the Court makes the following findings of fact and decision.
FINDINGS OF FACT
Plaintiff, in its capacity as Trustee, owns four single-family residential house lots located in Middletown, Rhode Island. The lots are described as Lots 508, 509, 510 and 511 on Plat 106 of the records of the Tax Assessor of the Town of Middletown.
Article Nine of the Middletown Zoning Ordinance creates a Watershed Protection District ("WPD"). Section 900 of the Ordinance states that the purpose of the WPD is:
"A. To protect, preserve and maintain the quality and the supply of groundwater and surface water upon which the residents of the Town of Middletown and others depend;
B. To protect the quality and supply of water by regulating the use and development of land adjoining water courses or primary water recharge areas, and to prevent uses of land detrimental thereto;. . ."
Except for the existence of the WPD provisions of the ordinance, the plaintiff would as a matter of right be able to construct a single-family residence on each of the four lots in accord with the remainder of the Zoning Ordinance. However, the WPD provisions of the Ordinance require that even those uses permitted as a matter of right must obtain a special exception from the Zoning Board before a building permit can be obtained.
Accordingly, plaintiff applied to the Zoning Board for the necessary special exceptions to build single-family residences on each of its four lots.
The Ordinance requires advisory reports from both the Middletown Planning Board and the Middletown Conservation Commission. Reports of both, favorable to the applications, were submitted to the Zoning Board.
On June 28, 1994, the Zoning Board heard the plaintiff's petitions.
A transcript of that hearing has been made part of the record.
At the hearing, plaintiff submitted into evidence a written report of Northeast Engineers and Consultants, Inc. and the testimony of Blake Henderson, a registered professional engineer in the State of Rhode Island.
To obtain a special exception in the WPD a petitioner must comply with the requirements of Section 931 of the Zoning Ordinance.
Mr. Henderson's testimony established that there are no chemicals, fuels or other potentially toxic or hazardous materials to be used or stored on the site; that his report contained soil survey data, but no water table or soil percolation test data because the lots were serviced by a public sewer system; that he performed a topographical survey; and that a water quality analysis was done in the manner required by the Ordinance.
He further testified that the water quality analysis performed as to the surface water on the property included all the items required under the Zoning Ordinance and that any flowing surface water on the site flows away from any potential water source of the Town of Middletown and, in fact, is directed into Narragansett Bay.
Mr. Henderson also testified that in his report he covered all of the items on the ordinance checklist.
There was no contrary evidence presented nor were there any objectors.
After hearing, the Board voted 3-2 to grant the petitions for special exception for lots 508, 509, and 510. The Board also voted 2-3 to grant the petition for special exception for lot 511. Since four concurrent votes are required to grant a special exception, this resulted in a denial of plaintiff's four petitions.
Plaintiff thereupon filed a timely appeal to this Court.
DECISION
As set forth in the findings above, the stated purpose of Section 900 of the Middletown Zoning is to create a Watershed Protection District to protect and preserve the quality and supply of groundwater and surface water of the Town of Middletown. The quality and supply of water is to be protected by the prevention of uses of land which may be detrimental to the water supply.
Single-family houses, which the plaintiff proposes to construct on each of the four lots involved are permitted uses in the WPD. However, the effect of the ordinance is to require a special exception for such uses because of water quality concerns.
Plaintiff duly filed petitions with the Middletown Zoning Board for special exceptions on the four lots in question. Those petitions were heard by the Board on June 28, 1994. The transcript and documentary evidence filed with the Board indicated that the evidence was uncontradicted and that plaintiff complied favorably with all the ordinance requirements for a special exception in the WPD. The Board, however, failed to approve each of plaintiff's requests, even though there was no evidence contradicting Mr. Henderson's findings and his report, or other negative evidence presented.
All of the evidence presented at the hearing was in favor of granting the petitions and no evidence was presented which weighed in favor of denying the petitions.
The Court has considered the entire record and finds that the plaintiff had sustained its burden of proof and that the Board had no evidence which justified a denial of the requested specials. The Court further finds that the decision of the Board was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Therefore, the decision of the Board in regard to the plaintiff's four petitions for special exception is reversed, and the petitions are granted.
Plaintiff shall submit an appropriate form of judgment.